**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| GENERAL ENGINEERING AND TECHNICAL SUPPORT SERVICES, *et al.*, | * |
| Plaintiffs, | * |
| v. | *    Civil Action No. 8:18-cv-00124-PX |
| BALTIMORE GAS AND ELECTRIC., *et al.*, | * |
| Defendants. | * |

\*\*\*

**MEMORANDUM OPINION**

Pending before the Court is Defendants Baltimore Gas and Electric's ("BGE") and ICF Consulting Group's ("ICF") Petition for Attorneys' Fees and Costs. ECF No. 66. The Court finds no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court GRANTS Defendants' motion.

**I.    Background**

On August 26, 2019, the Court granted Defendants' Motion for Summary Judgment against Plaintiffs General Engineering and Technical Support Services ("GETSS"), Herbert Fuller, and Walter Fuller, and denied in part and granted in part Defendants' Motion for Sanctions. ECF No. 65. The Court also awarded Defendants attorneys' fees and costs associated with "preparing, filing, and attending any recorded conference in connection with (1) the February 19, 2019 pre-motion letter (ECF No. 42) and (2) motion for sanctions (ECF No. 52)." *Id.* On September 9, 2019, Defendants filed their petition for attorneys' fees and costs, seeking a total of $22,476.43. ECF No. 66 at 16. Specifically, they request $12,951.50 for the February 19, 2019 pre-motion letter, $6,489.50 for the motion for sanctions, $35.43 for costs associated with the pre-motion letter and motion for sanctions, and $3,000.00 for the pending Petition for

Attorneys' Fees and Costs.  For the following reasons, the Court grants the motion and awards $11,895.93 in fees and costs.

## II.     Discussion

To assess the reasonableness of the requested fees, the Court employs the lodestar method of ascertaining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).  Twelve factors guide this "reasonableness" determination: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fee awards in similar cases. *Robinson*, 560 F.3d at 243–44.

This Court's Local Rules provide presumptively reasonable hourly rates keyed to an attorney's years of experience.  *See* Loc. R., App. B.  As for the rates employed by each of the attorneys who worked on the described matters, they are all within the presumptively reasonable range.  *Compare* Loc. R., App. B. (3) *with* ECF No. 66 at 10–11 (Attorney Edward Lee Isler, with thirty years of experience and a rate of $375, falling well within the $300-475 range for lawyers admitted to the bar for twenty years or more) *and id.* at 11–12 (Attorney Allison D. Kewer, with 11 years of experience and a rate of $275, falling well within the $225-350 range

for lawyers admitted to the bar for nine to fourteen years) *and id.* at 12 (Paralegal Kim M. Jacobs, with 17 years of experience and a rate of $110, falling on the lower end of the $95-150 range for paralegals). ECF No. 66 at 10–12; ECF No. 66-8 ¶¶ 7–9.

The Court next turns to the reasonableness of the time expended as to each task for which fees are appropriate. As other courts have noted, attorney timekeeping records remain "key to ascertaining the number of hours reasonably spent on legal tasks" and "thus, inadequate documentation, which may take the form of vague task entries or block billing, impedes a court's reasonableness review." *Two Men & A Truck/Int'l, Inc. v. A Mover Inc.*, 128 F. Supp. 3d 919, 925 (E.D. Va. 2015) (quoting *EEOC v. Nutri/Systems Inc.*, 685 F. Supp. 568, 573 (E.D. Va. 1988); *In re Outsidewall Tire Litig.*, 52 F. Supp. 3d 777, 788-89 (E.D. Va. 2014)). Where counsel's documentation is inadequate, "the court may reduce the award accordingly." *Hensley,* 461 U.S. at 433.

### 1. The Pre-Motion Letter

For preparing and submitting the February 19, 2019, pre-motion letter, Defendants seek $12,951.50 in fees for 48.1 hours of attorney time expended. ECF Nos. 42; 66. However, a careful review of the billing records submitted reveals that many hours were spent on tasks beyond the scope of the sanctions imposed. For example, hours used to "[o]utline the status of discovery and options for dealing with the upcoming close of discovery" do not fall within the ambit of preparing the February 19, 2019, pre-motion letter. ECF Nos. 66-3. Nor does time spent to "[c]orrespond with Plaintiffs' counsel by email," or "[p]repare for and teleconference with client regarding discovery issues," because it is not at all clear these tasks are related to the pre-motion letter. ECF Nos. 66-3; 66-4.

Moreover, fee records reflect "block billing" entries which list multiple activities without

3

delineating the time spent on each activity.  *See Guidry v. Clare*, 442 F.Supp.2d 282, 294 (E.D. Va. 2006) ("Inadequate documentation includes the practice of grouping, or 'lumping,' several tasks together under a single entry, without specifying the amount of time spent on each particular task.").  Courts have held that block billing entries are disfavored in attorney's fees award cases.  *Denton v. PennyMac Loan Servs., LLC*, 252 F. Supp. 3d 504, 525–26 (E.D. Va. 2017).

Here, for example, the task recorded on January 30, 2019, which states "[r]eview updated Interrogatory responses received from GETSS and identify deficiencies; draft letter to counsel for GETSS regarding unreasonable settlement demand and discovery deficiencies" is a form of block billing.  ECF No. 66-3.  Because the tasks as listed do not attribute times to each activity, it is unclear how much time was spent on each.  And "[i]t would be futile for [a] [c]ourt to attempt to separate these 'block entries into their constituent tasks and apportion[ ] a random amount of time to each.'"  *Denton*, 252 F. Supp. 3d at 526 (quoting *Abusamhadaneh v. Taylor*, No. 1:11CV939, 2013 WL 193778, *21 (E.D. Va. 2013)).

Having evaluated Defendants' attorney timesheets, the Court will exercise its discretion to reduce hours spent on tasks beyond the scope of the sanction and hours associated with block billing, for an award of 22.3 total hours (48.1 hours – 25.8 hours). Additionally, as hours were billed at different rates, the Court divides the reduced hours awarded as follows: Edward Lee Isler – 0.9 hours, Alison D. Kewer – 16.5 hours, and Kim Jacobs with 4.9 hours.  ECF Nos. 66-3; 66-4.  The Court arrived at this calculation by subtracting from the award the hours spent on tasks outside the scope of the pre-motion letter and those that are block billed with tasks beyond the scope of the award.  Accordingly, the Court awards $5,414 in fees associated with the Pre-Motion Letter.  ECF Nos. 66-3; 66-4.

## 2. The Motion for Sanctions

Defendants seek a total recovery of $6,489.50 in preparing and filing their motion for sanctions. ECF No. 42. However, a careful review of attorney timesheets reveal that many hours were spent on tasks beyond the scope of the sanctions imposed. ECF Nos. 66-4; 66-5; 66-6. For example, "[u]pdate on a call with the Court and drafting Motion for Summary Judgment" does not fall within the scope of the preparing, filing, or the attendance of any recorded conference in connection with the motion for sanctions. *Id.* As further corroboration that the fee request is over-inclusive, the Court cannot see how an additional 23 hours was needed to convert the pre-motion letter to a formal motion to compel. This is especially so when considering that Plaintiffs' counsel had withdrawn by the filing of the formal motion and so Plaintiffs filed no response. This obviated the need for a reply, yet Defendants filed one anyway. Accordingly, the Court adjusts the award to total compensation of 16.7 hours as follows: Edward Lee Isler – 7.5 hours, Alison D. Kewer – 6.8 hours, and Kim Jacobs with 2.4 hours. At their respective rates as discussed above the total amount for the motion for sanctions would be $4,946.50.

## 3. The Petition for Attorneys' Fees and Costs

Defendants lastly seek a lump sum of $3,000 for filing the fee petition before this Court. To be sure, the Court views this filing as a natural extension of the Court's order awarding sanctions, and so Defendants are entitled to fees associated with its filing. But the Court cannot credit that the filing required the most senior partner to spend, exclusively, "more than eight hours" (ECF No. 62-2 ¶ 22) on a motion that was already largely completed through prior filings. Further, Defendants have filed no contemporaneous billing records in support of this claim. The Court views with some skepticism that none of this work could be completed by a more junior attorney, and in any event, it begs the question as to why no contemporaneous

5

billing records were submitted.  *See Hensley*, 461 U.S. at 434; *see also Robinson, LLC*, 560 F.3d at 243.  Accordingly, the Court will reduce the award to $ 1,500 in recognition that certainly work was expended to submit the pleadings, but absent support for the requested reimbursement, the Court views this award as reasonable in light of the effort expended, the novelty of the issues, the specific facts of the claim, and, critically, that no opposition to the motion was ever filed.

### 4. Filing and Service Fees.

Finally, the $35.43 spent on filing and serving the letter and motion is clearly consistent with the local rules and is therefore reasonable.  *See* Loc. R., App. B. (4) ("reasonable out-of-pocket expenses [] including . . . express and overnight delivery services . . . are compensable at actual cost").  The Court awards the fees in total.

## III. Conclusion

For the foregoing reasons, Defendants' Motion for Attorneys' Fees is GRANTED with a reduction of the total fees and costs requested of $10,580.50.  Therefore, the final amount as determined by the Court would equate to $11,895.93.  A separate order follows.

|   9/25/2020   | /S/ |
|---|---|
| Date | Paula Xinis |
|  | United States District Judge |